*Of Counsel* – Hyslip & Taylor LLC LPA
Art Matthews, Esq.
Email:  aem@matthewsfirm.net
Attorney for Plaintiff
1801 Century Park East, 24th Floor
Los Angeles, CA  90067
310-556-9620
Cal. Bar. No. 145232

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| Yvette Matthews<br><br>    Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC<br><br>    Defendant. | Case No. 2:14-cv-05665<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**PARTIES**

1. Plaintiff, Yvette Matthews, ("Yvette"), is a natural person who resided in Long Beach, California, at all times relevant to this action.

2. Defendant, Portfolio Recovery Associates, LLC, ("PRA"), is a Delaware Limited Liability Company that maintained its principal place of business in Norfolk, Virginia.

Complaint - 1

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. The Court has supplemental jurisdiction over the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") state law claims.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Plaintiff resides in this judicial district and the events giving rise to this action occurred in this District.

## STATEMENT OF FACTS

5. At all times relevant to this action, PRA collected consumer debts.

6. PRA regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of PRA's revenue is debt collection.

8. PRA is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, PRA contacted Yvette to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Yvette is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Around October 2013, PRA began contacting Yvette on Yvette's cellular phone in connection with the collection of a debt.

13. Around October 2013, Yvette requested PRA cease further calls to Yvette during working hours.

14. Despite this request, PRA contacted Yvette, on more than one occasion, on Yvette's cellular phone in connection with the collection of a debt, most recently around February 2014.

15. Yvette repeatedly requested PRA cease further calls to Yvette during working hours.

16. PRA's calls to Yvette during working hours stressed Yvette and caused Yvette to have difficulty focusing on her job.

17. PRA caused Yvette emotional distress.

18. PRA attempted to collect a debt from Yvette.

19. PRA violated the FDCPA and RFDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at an unusual place – her cell phone -- known to be inconvenient.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt for calling after being told to stop.

## COUNT THREE

### Violation of the Rosenthal Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated California Civil Code §§ 1788.17 by violating 15 U.S.C. 1692c(a)(1).

## COUNT FOUR

### Violation of the Rosenthal Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated California Civil Code §§ 1788.17 by violating 15 U.S.C. 1692d.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment against Defendant for actual damages, statutory damages, and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA

By:  /s/ Art Matthews

*Of Counsel*
Art Matthews, Esq.
1801 Century Park East, 24th Floor
Los Angeles, CA  90067
Phone:  310-556-9620
Cal. Bar. No. 145232